UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Howard R. Hoffman,<br><br>      Plaintiff,<br><br>   v.<br><br>Warren County Prosecutor's Office;<br>Anthony Robinson, Esq.; John Doe 1-10; and<br>State Agency 1-10,<br><br>      Defendants. | Civil Action No.<br><br>Civil Action: Violation of Civil Rights<br><br><br>**COMPLAINT** |

Plaintiff Howard R. Hoffman, by and through his attorney, Law Office of Andrew Seewald, LLC, appears and says as follows as and for the Complaint:

### NATURE OF THE CASE, JURISDICTION AND VENUE OF THE COURT

1. This is a civil action brought, inter alia, by plaintiff for violation of his civil rights by the wrongful actions of Anthony Robinson, Esq., First Assistant Prosecutor of the Warren County Prosecutor's Office. More specifically, plaintiff alleges that the defendants violated one or more provisions of Federal or State law including 42 U.S.C. § 1983 and § 1988, U. S. Const. amend. V and XIV, as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 et seq. and the Constitution of New Jersey. This Complaint alleges that by virtue of their wrongful conduct, defendants are liable to plaintiff for actual damages, attorney fees, and punitive damages as the Court sees fit.

2. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 and §1343 as this is an action to redress violations of the plaintiff's rights pursuant to the Federal Constitution and Federal law. Jurisdiction over the State law claims arising from the same incident is premised upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 and §1988. The monetary amount of damages in controversy exceeds $100,000.00.

3. Venue of this Court is premised upon the residences of the various parties as well as the location of the acts which form the basis of the instant suit, pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## PARTIES

4. Plaintiff Howard R. Hoffman is a natural person who at the times relevant to the complaint was being criminally prosecuted in Warren County Criminal Superior Court-Criminal Division by the State of New Jersey through the Warren County Prosecutor's Office.

5. Defendant Anthony Robinson, Esq. (hereinafter "Robinson"), is a natural person who at the times relevant to the complaint was employed by the Warren County Prosecutor's Office as First Assistant Prosecutor. He is sued herein in his official and individual capacities. Plaintiff alleges that Robinson violated his civil rights for the reasons explained more fully herein.

6. John Doe 1-10 are fictitious names meant to represent defendant natural persons whose identities are currently unknown.

7. State Agency 1-10 are fictitious names meant to represent defendant governmental agencies/entities whose identities are currently unknown.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about November 3, 2021, plaintiff was charged under Complaint-Summons 2108-S-2021-000060 for Theft by Unlawful Taking, Filing of Fraudulent Tax Returns, and Failing to Turn Over When Due Any Tax, Fee, Penalty or Interest, all in conjunction with the alleged theft of $56,810.00 from the Livestock Auction Cooperative Market ("Livestock Auction").

9. These charges were brought against plaintiff by defendant Anthony Robinson, Esq., First Assistant Prosecutor. Defendant Robinson is employed by the Warren County Prosecutor's Office.

10. Plaintiff retained counsel and investigator to defend in the criminal matter. In defense of the matter, plaintiff and his wife spent countless hours obtaining old records and statements from Bank of America.

11. Upon proper investigation and receipt of banking records by the defense, it was evident that plaintiff did not commit the alleged crimes.

12. Nevertheless, defendant Robinson continued to pursue the charges until the Complaint-Summons was administratively dismissed on March 1, 2022.

13. The charges against plaintiff were filed without probable cause or the most basic of due diligence in investigating the matter.

14. Defendant Robinson brought false and malicious criminal charges, without any

evidence of criminal intent, against plaintiff. Defendant Robinson knew or should have known that the evidence was insufficient to support the charges against plaintiff.

15. Robinson's wrongful actions in pursing these charges were undertaken in bad faith with actual malice.

16. As a direct and proximate result of Robinson's malicious and fraudulent actions plaintiff was forced to expend significant sums on legal and investigator fees to clear his name, lost his business, and now suffers from emotional/psychological trauma.

### FIRST COUNT- VIOLATION OF 42 U.S.C. § 1983

17. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

18. Even though plaintiff was under criminal indictment, he of course was entitled to the full complement of civil rights as protected by the provisions of the U.S. Constitution, including but not limited to the right not to be deprived of his liberty without due process of law pursuant to U. S. Const. amend. V and XIV.

19. The wrongful actions herein complained of amounted to violations of plaintiff's civil rights.  Plaintiff was subjected to unconstitutional, fundamentally unfair, and false criminal charges, without probable cause, due to the inexcusable and unjustified actions of Robinson, which ran counter to the true and fair orders of the Court.

20. The defendants violated 42 U.S.C. § 1983 by pressing false criminal charges upon plaintiff by means of malicious prosecution, actual fraud and abuse of Court process. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages as described more fully elsewhere.

21. Defendants' wrongful actions went far beyond anything that could fairly be considered as countenanced by his office or legally protected thereby.

22. Plaintiff was damaged as a direct and proximate result of these wrongful actions.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

### SECOND COUNT- VIOLATION OF STATE CIVIL RIGHTS LAW AND 42 U.S.C. § 1988

23. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

24. As pled above, this Court has supplemental jurisdiction over State claims arising out

of the same incident herein complaints pursuant to 28 U.S.C. §1367 and §1988.

25. Even though plaintiff was under criminal indictment, he of course was entitled to the full complement of civil rights as protected by the provisions of the New Jersey Constitution, including but not limited to the right to due process of law.

26. The wrongful actions herein complained of amounted to violations of plaintiff's rights under the New Jersey Constitution and violations of New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq. Plaintiff was subjected to unconstitutional, fundamentally unfair, and false criminal charges, without probable cause, due to the inexcusable and unjustified actions of Robinson, which ran counter to the true and fair orders of the Court.

27. The defendants violated New Jersey statutory law including but not limited to New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. by pressing false criminal charges upon plaintiff by means of malicious prosecution, actual fraud and abuse of Court process. As a direct and proximate result of such violation of the statute, the plaintiff has been materially harmed and suffered substantial damages as described more fully elsewhere.

28. Robinson's wrongful actions went far beyond anything that could fairly be considered as countenanced by his office or legally protected thereby.

29. Plaintiff was damaged as a direct and proximate result of these wrongful actions.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

## THIRD COUNT- MALICIOUS PROSECUTION/ MALICIOUS ABUSE OF LEGAL PROCESS

30. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

31. The criminal indictments at issue were not properly undertaken at the outset. These indictments were pursued without probable cause or direct evidence of criminal intent. Robinson's wrongful actions in pursing these charges were undertaken in bad faith with actual malice.

32. Robinson's wrongful actions were completely ulterior to the purported purpose of the indictment's truth-seeking function and were instead only meant to harm plaintiff contrary to law.

33. Robinson's wrongful actions went far beyond anything that could fairly be considered as countenanced by his office or legally protected thereby.

34. A criminal proceeding was instituted by defendant Robinson against plaintiff on or about November 3, 2021, when plaintiff was indicted on three counts.

35. The indictment was actuated by defendant's bad faith/malice toward plaintiff, evidenced by continued prosecution despite the complete lack of evidence against plaintiff.

36. There was no probable cause for the charges levied against plaintiff on or about November 3, 2021, and at no time did plaintiff violate any law or present a criminal intent.

37. The charges against plaintiff were eventually terminated in his favor on March 1, 2022, by way of administrative dismissal.

38. Plaintiff was damaged as a direct and proximate result of these wrongful actions.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

### FOURTH COUNT- MALICIOUS MISPREPRESENTATION CAUSING DAMAGE

39. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

40. As explained above, Robinson knowingly made false misrepresentation of material

fact knowing it to be false when he pursued the false criminal charges against plaintiff without probable cause.

41. Robinson intended that plaintiff and the judiciary be misled by this misrepresentation and act accordingly. The plaintiff and judiciary were indeed misled by the misrepresentation and did act accordingly.

42. Plaintiff was damaged as a direct and proximate result of this misrepresentation.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

## FIFTH COUNT- FRAUD

43. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

44. As explained above, Robinson knowingly made false misrepresentation of material fact knowing it to be false when he pursued the false criminal charges against plaintiff without probable cause. Robinson intended that plaintiff and the judiciary be misled by this misrepresentation and act accordingly. Plaintiff and the judiciary

were indeed misled by the misrepresentation and did act accordingly.

45. This misrepresentation was undertaken with actual malice on the part of Robinson with the express purpose of harming plaintiff. Furthermore, Robinson perpetrated fraud upon the Court by way of his actions.

46. Plaintiff was damaged as a direct and proximate result of this fraud.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

### SIXTH COUNT- EMOTIONAL DISTRESS INTENTIONALLY/NEGLIGENTLY INFLICTED

47. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

48. As explained above, the individuals named in the Complaint, through their misconduct, negligence, or omissions, allowed plaintiff to be maliciously prosected without any probable cause or evidence of criminal intent. As a result, plaintiff has developed severe emotional and psychological trauma.

49. This conduct was so extreme and outrageous that it can fairly be said to constitute intentional acts intended to cause emotional distress, or alternatively the conduct was undertaken recklessly in deliberate disregard of a high degree of probability that emotional distress would follow, or alternatively the conduct was so negligent that it would cause a reasonable person fright from a reasonable fear of immediate personal injury, and such personal injury did actually occur here.

50. A reasonable person in plaintiff's position would experience such severe emotional distress no one could be expected to endure, namely reasonable fear of personal injury, actual personal injury, actual and lasting emotional injury, and a reasonable fear of law enforcement personnel as a result of these incidents. This wrongful conduct proximately caused plaintiff to actually suffer all of this emotional and psychological distress and all of this fear, and also to suffer serious personal injury. Plaintiff therefore specifically requests punitive damages.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

### SEVENTH COUNT- NEGLIGENT HIRING, TRAINING AND SUPERVISION

51. Plaintiff repeats and reiterates each and every allegation contained previously in the Complaint and incorporates the same herein by reference as if set forth in their entirety.

52. At all times material, Robinson was employed by the Warren County Prosecutor's Office and was under its direct supervision, employ, and control when he committed the wrongful acts alleged herein. Robinson engaged in the wrongful conduct while acting in the course and scope of their employment with the Warren County Prosecutor's Office.

53. The Warren County Prosecutor's Office had a duty, arising from its employment of Robinson, to ensure Robinson does not bring false charges, ensure Robinson has probable cause before bringing any charges, and to enact or otherwise implement policies intending to protect the general public from false, malicious prosecution.

54. Further, the Warren County Prosecutor's Office owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address malicious prosecution and false charges against a criminal defendant.

55. The Warren County Prosecutor's Office was negligent in the training, supervision, and instruction of its employees. The Warren County Prosecutor's Office failed to timely and properly educate, train, supervise, and/or monitor its agents or employees with regard to policies and procedures that should be followed when

bringing criminal charges without probable cause or evidence of criminal intent.

56. The Warren County Prosecutor's Office was additionally negligent in failing to supervise, monitor, chaperone, and/or investigate agents or employees and/or failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent false, malicious, prosecution.

57. In failing to properly supervise its agents and employees, and in failing to establish such training procedures for agents and employees, the Warren County Prosecutor's Office failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

58. As a direct and proximate result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, as follows:

1. For general and consequential damages including any multiplied and/or punitive damages allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such further relief as the court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

Andrew Seewald, Esq. is hereby designated as trial counsel for the plaintiff in the above matter.

## CERTIFICATION OF COUNSEL

I HEREBY CERTIFY that that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the instant pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

DATED:  January 6, 2023                BY:   */s/ Andrew Seewald*
                                             Andrew Seewald, Esq.
                                             Attorney for Plaintiff
                                             53 Paterson Street
                                             New Brunswick, NJ 08901
                                             T: 732-247-6621
                                             F: 732-626-6010
                                             andrewseewald@yahoo.com