<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOWARD R. HOFFMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARREN COUNTY PROSECUTOR'S OFFICE; ANTHONY ROBINSON, ESQ.; JOHN DOE 1-10; and STATE AGENCY 1-10,<br><br>　　　　　Defendants. | Civil Action No. 23-00561 (GC) (DEA)<br><br><u>**OPINION**</u> |

<u>**CASTNER, U.S.D.J.**</u>

**THIS MATTER** comes before the Court upon the Motion to Dismiss Plaintiff Howard R. Hoffman's Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) filed by Defendants Warren County Prosecutor's Office and First Assistant Prosecutor Anthony Robinson. (ECF No. 6.) Plaintiff opposed, and Defendants replied. (ECF Nos. 9 & 11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED**.

**I.　　BACKGROUND**

This action involves allegations that a prosecutor in the Warren County Prosecutor's Office pursued criminal charges against Plaintiff Hoffman that were without merit.

A. **FACTUAL BACKGROUND**[1]

On or around November 3, 2021, Mr. Hoffman was charged by the Warren County Prosecutor's Office with "Theft by Unlawful Taking, Filing of Fraudulent Tax Returns, and Failing to Turn Over When Due Any Tax, Fee, Penalty or Interest," stemming from the alleged theft of $56,810.00 from the Livestock Auction Cooperative Market. (ECF No. 1 ¶ 8.) First Assistant Prosecutor Anthony Robinson brought the charges on behalf of the prosecutor's office and handled the matter. (*Id.* ¶ 9.) In response to the charges, Mr. Hoffman retained defense counsel as well as an investigator, and Mr. Hoffman "and his wife spent countless hours obtaining old records and statements from Bank of America." (*Id.* ¶ 10.) The Complaint-Summons that charged Mr. Hoffman was "administratively dismissed" on March 1, 2022. (*Id.* ¶ 12.)

Mr. Hoffman contends that a "proper investigation" and his "banking records" should have made it "evident" to First Assistant Robinson that Mr. Hoffman "did not commit the alleged crimes." (*Id.* ¶ 11.) Mr. Hoffman claims that the charges "were filed without probable cause or the most basic due diligence in investigating the matter," and he accuses the First Assistant of bringing "false and malicious criminal charges" in "bad faith." (*Id.* ¶¶ 13-15.)

Mr. Hoffman submits that, "[a]s a direct and proximate result" of those alleged actions, he "was forced to expend significant sums on legal and investigator fees to clear his name, lost his business, and now suffers from emotional/psychological trauma." (*Id.* ¶ 16.)

B. **PROCEDURAL BACKGROUND**

On February 1, 2023, Mr. Hoffman filed his Complaint against the Warren County Prosecutor's Office, First Assistant Robinson (in his official and individual capacities), and other unidentified persons and agencies, asserting seven causes of action: Count One for violation of 42

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

U.S.C. § 1983 for malicious prosecution and deprivation of Fifth and Fourteenth Amendment rights; Count Two for violation of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1, *et seq.*, and 42 U.S.C. § 1988[2]; Count Three for malicious prosecution/malicious abuse of legal process; Count Four for malicious representation causing damage; Count Five for fraud; Count Six for intentional and negligent infliction of emotional distress; and Count Seven for negligent hiring, training, and supervision.[3]  (ECF No. 1 ¶¶ 17-58.)

On April 13, 2023, Defendants moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 6.)  Plaintiff opposed on May 22, 2023, and Defendants replied on June 6, 2023.  (ECF Nos. 9 & 11.)

## II. LEGAL STANDARD

### A. RULE 12(B)(1) — LACK OF SUBJECT MATTER JURISDICTION

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  The distinction is significant because it determines, among other things, whether the court accepts as true the non-moving party's facts as alleged in the pleadings.  *See id.* ("In contrast to a facial challenge, a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir.

---

[2]  Section 1988 "does not provide for a separate cause of action" but only attorney's fees to a plaintiff that prevails under one of the civil rights provisions.  *Black v. Allegheny Cnty.*, Civ. No. 13-179, 2014 WL 4415333, at *3-4 (W.D. Pa. Sept. 8, 2014); *see also Brook v. Ruotolo*, Civ. No. 23-1319, 2023 WL 5352773, at *6 n.10 (S.D.N.Y. Aug. 21, 2023) ("§ 1988 does not give rise to an independent cause of action; it merely sets forth the procedure governing other civil rights actions.").

[3]  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

...

2014))); *see also Aichele*, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff.'" *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Mortensen*, 549 F.2d at 891 ("In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."). Here, because Defendants rely solely on the allegations in the Complaint, their motion under Rule 12(b)(1) is understood to be a facial attack and will be analyzed as such.

### B. Rule 12(b)(6) — Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations, courts

4

"disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis*, 824 F.3d at 349).

### III. DISCUSSION

#### A. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY

Defendants' first ground for dismissal is that the claims against the Warren County Prosecutor's Office and First Assistant Robinson in his official capacity must be dismissed based on Eleventh Amendment Sovereign Immunity. (ECF No. 6-1 at 9.[4])

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

[U.S. Const. amend. XI.]

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *accord Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) ("The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States and by its own citizens as well." (citation omitted)). This immunity "is a jurisdictional bar," *Richardson v. New Jersey*, Civ. No. 16-135, 2019 WL 6130870, at *3 (D.N.J. Nov. 18, 2019) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)),

---

[4]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

5

which protects states as well as state agencies, "as long as the state is the real party in interest." *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc).

To determine whether sovereign immunity applies to an agency, the United States Court of Appeals for the Third Circuit has directed district courts to consider several factors, including: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659)). These same factors are utilized to determine if a county prosecutor's office is immune from suit in federal court. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 857-58 (3d Cir. 2014) ("We therefore conclude that *Fitchik* provides the proper framework for analyzing Eleventh Amendment sovereign immunity as it applies to county prosecutors. . . .").

The Warren County Prosecutor's Office submits that it (and by extension First Assistant Robinson in his official capacity) meets the *Fitchik* test for immunity. *First*, Plaintiff's allegations are premised on alleged actions that clearly relate to the county prosecutor's authority to investigate and enforce the criminal laws of the State of New Jersey as delegated by the State Legislature, making the county prosecutor an "agent" or "officer" of the State. (ECF No. 6-1 at 11 (citing N.J. Stat. Ann. § 59:1-3).) As such, "the State is both vicariously liable . . . and responsible for [the county prosecutor's] defense and indemnification." (*Id.* (citing N.J. Stat. Ann. §§ 59:1-2(a) & 59:10A-1).) *Second*, the prosecutor's office is a "constitutionally established office." (*Id.* (quoting *Wright v. State*, 778 A.2d 443, 452 (N.J. 2001)).) And *third*, the prosecutor's office "lacks autonomy when enforcing criminal laws because . . . the Attorney General, as the state's chief law enforcement officer is empowered to 'supersede a county prosecutor in any investigation, criminal action or proceeding,' either on request or by choice." (*Id.* (quoting *Wright*, 778 A.2d at 452-53).)

6

In response, Mr. Hoffman argues that, "prior to discovery, Defendants cannot prove that they are entitled to sovereign immunity." (ECF No. 9 at 10-11.) He contends that there are factual issues in dispute, such as whether "the state treasury would have to withdraw funds" and "the exact functions the [Warren County Prosecutor's Office] and Robinson were operating under during the period relevant to Plaintiff's Complaint." (*Id.*)

Having considered the Complaint's allegations and the parties' submissions, the Court finds that Defendants have the better of the argument, and both the Warren County Prosecutor's Office and First Assistant Robinson in his official capacity are immune from this suit in federal court based on the Eleventh Amendment.[5] District courts in this Circuit regularly "conclude[] that the *Fitchik* factors favor finding that New Jersey county prosecutor's offices" are "officers of the state" when, as here, they are alleged to have violated the law while carrying out their law enforcement and investigative functions. *See, e.g.*, *Dessources v. Manning*, Civ. No. 18-9324, 2020 WL 6111018, at *3 (D.N.J. Oct. 16, 2020) (quoting *Beightler v. Off. of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009)); *see also Smith v. Cape May Cnty. Prosecutor's Off.*, Civ. No. 21-13207, 2021 WL 5277460, at *2 (D.N.J. Nov. 12, 2021). Although the United States Court of Appeals for the Third Circuit has emphasized that "courts must conduct a full *Fitchik* analysis before concluding a county prosecutor's office is entitled to . . . immunity," this Court has found that, "functionally, the *Fitchik* analysis as applied to county prosecutor's offices . . . [ordinarily] results in a finding of sovereign immunity when[] those offices are investigating or prosecuting crime." *Traynor v. Billhimer*, Civ. No. 21-7463, 2023 WL 2214178, at *4 (D.N.J. Feb. 24, 2023) (citing *Est. of Bardzell v. Gomperts*, 515 F. Supp. 3d 256, 268 (D.N.J. 2021)).

---

[5] In his official capacity, First Assistant Robinson stands in the shoes of his employer, the county prosecutor's office, and he "is no different from a suit against the State itself." *Allen v. New Jersey State Police*, 974 F.3d 497, 506 (3d Cir. 2020) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

In any event, Defendants have established here that they satisfy each of the *Fitchik* factors for sovereign immunity.  As to the first factor, Mr. Hoffman's claims arise from his allegations[6] that the prosecutor's office and First Assistant Robinson brought and pursued the criminal charges even though there was insufficient evidence to support the charges.[7]  It is well settled that "[d]ecisions such as whether to bring charges are clearly within the 'law enforcement functions . . . that the Legislature has delegated to the county prosecutors," and thus "any damages Plaintiff seeks against the [Warren County Prosecutor's Office] would be paid from the State's treasury." *Rouse v. New Jersey Dep't of Health & Hum. Servs.*, Civ. No. 15-01511, 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015) (citation omitted); *see also Wright*, 778 A.2d at 464 ("[T]he State should be obligated to pay the county prosecutors and their subordinates' defense costs and to indemnify them if their alleged misconduct involved the State function of investigation and enforcement of the criminal laws.").  Next, the prosecutor's office's "status as a 'constitutionally established office' satisfies the second *Fitchik* factor." *Est. of Bardzell*, 515 F. Supp. 3d at 269 (quoting *Rouse*, 2015 WL 5996324, at *3).  As to the third factor, the New Jersey Supreme Court has explained that "the Attorney General has the ultimate responsibility in matters related to the enforcement of the State's criminal laws that have been legislatively delegated to county prosecutors." *Wright*, 778 A.2d at 464 (citing N.J. Stat. Ann. §§ 52:17B-98 & 52:17B-103).

Finally, none of the three primary exceptions to Eleventh Amendment immunity are raised

---

[6]   Mr. Hoffman's primary factual allegations are that he was charged with crimes that "[u]pon proper investigation . . . , it was evident that plaintiff did not commit" and the charges were "purs[ued] . . . in bad faith," even though First Assistant Robinson "knew or should have known that the evidence was insufficient to support the charges."  (ECF No. 1 ¶¶ 11-15.)

[7]   Even if the claims were based on policies, procedures, practices, or training, Eleventh Amendment immunity would remain in place. *See Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009) ("Training and policy decisions that require legal knowledge and discretion are related to prosecutorial functions and are unlike administrative tasks concerning personnel.").

or apply here. *See Grossberger v. Div. of L.*, Civ. No. 21-12102, 2023 WL 7110619, at *3 (D.N.J. Oct. 17, 2023) ("Eleventh Amendment immunity is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." (citing *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002))). No congressional abrogation or waiver by the State exists, and Mr. Hoffman is seeking monetary relief for past wrongs, not prospective injunctive relief. *See, e.g.*, *Surina v. S. River Bd. of Educ.*, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (holding that the injunctive relief exception to Eleventh Amendment immunity did not apply when it was not alleged that "purported violations of constitutional law were ongoing").

Based on the above, Mr. Hoffman's claims against the Warren County Prosecutor's Office and First Assistant Robinson in his official capacity are dismissed without prejudice under Rule 12(b)(1), because the Eleventh Amendment bars assertions of such claims in this federal court.

### B. "Persons" Amenable to Suit Under 42 U.S.C. § 1983 & NJCRA

Defendants next argue that even if Plaintiff's 42 U.S.C. § 1983 and New Jersey Civil Rights Act claims were not barred against the Warren County Prosecutor's Office and First Assistant Robinson in his official capacity by Eleventh Amendment immunity, the claims must be dismissed because neither Defendant is a "person" amenable to suit under these civil rights statutes. (ECF No. 6-1 at 12-13.) The Court agrees that this provides a separate non-jurisdictional, statutory basis to dismiss the civil rights claims under Rule 12(b)(6).

For a defendant to be liable under either § 1983 or the New Jersey Civil Rights Act, they must be a "person." 42 U.S.C. § 1983; N.J. Stat. Ann. 10:6-2. In *Will v. Michigan Department of State Police*, the United States Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," 491 U.S. 58, 71 (1989), and it clarified that

"governmental entities . . . are considered 'arms of the State' for Eleventh Amendment purposes," *id.* at 70. "The same is true under [the NJCRA], which mirrors the language of § 1983." *Gonzalez v. New Jersey Dep't of Child. & Fams.*, 545 F. Supp. 3d 178, 202 (D.N.J. 2021); *see also Est. of Lagano*, 769 F.3d at 856 ("New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that . . . states and state officials acting in their official capacity are not amenable to suit.").

Neither Mr. Hoffman's Complaint nor his opposition brief provide a basis for the Court to plausibly infer that First Assistant Robinson and his office were not acting in an official capacity. Mr. Hoffman writes that the Complaint "shows that Robinson was not engaged in classic law enforcement and investigative functions," but cites no particularized factual allegation or case law to support such a conclusion. (ECF No. 9 at 12.) To the contrary, Mr. Hoffman specifically references classic law enforcement and investigative functions: bringing "criminal charges against Plaintiff, charges that could have been disproven with minimal investigation," and "refus[ing] to dismiss the charges." (*Id.*) Courts have repeatedly found that such allegations relate to official law enforcement activities. *See, e.g.*, *Frost v. Cnty. of Monmouth*, Civ. No. 17-4395, 2018 WL 1469055, at *7 (D.N.J. Mar. 26, 2018) ("The conduct alleged in the Complaint—presenting charges . . . and then prosecuting the case through to trial . . . —solely involves the 'classic law enforcement and investigative functions for which [county prosecutors' offices] are chiefly responsible.'" (quoting *Burke v. Monmouth Cnty. Prosecutor's Off.*, Civ. No. 10-4796, 2011 WL 1485470, at *3 (D.N.J. Apr. 19, 2011))).

Therefore, for the same reasons that the Warren County Prosecutor's Office and First Assistant Robinson in his official capacity were found to be arms of New Jersey for purposes of sovereign immunity, they are not "persons" within the meaning of either § 1983 or the New Jersey Civil Rights Act, and Plaintiff's claims fail as a matter of law on this ground as well.

C. PROSECUTORIAL IMMUNITY

As to the § 1983 claims brought against First Assistant Robinson in his individual capacity, Defendants argue that "the claims are barred by the doctrine of absolute prosecutorial immunity." (ECF No. 6-1 at 14.)

"[P]rosecutorial immunity embodies the 'right not to stand trial,' and is properly raised in a Rule 12(b)(6) motion to dismiss." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (citation omitted). "A prosecutor bears the 'heavy burden' of establishing absolute immunity," and "a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question." *Id.* at 207-08. The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it,' and "a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity." *Id.* at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "Relevant considerations include the timing of the prosecutor's actions (pre- or post-indictment), and the setting of the prosecutor's acts (in or out of court)." *Est. of Bardzell*, 515 F. Supp. 3d at 270.

The Third Circuit Court of Appeals has clarified that "[p]rosecutors . . . are immune from suit under § 1983 when 'act[ing] within the scope of [their] duties in initiating and pursuing a criminal prosecution.' This protection encompasses prosecutors' activities in connection with preparing and filing charging documents, such as the information and arrest warrant." *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). Nevertheless, prosecutors are not entitled to absolute immunity for actions undertaken in some other function, such as making false statements at a press conference or fabricating evidence during a preliminary investigation, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 275-78 (1993), or deliberately destroying exculpatory evidence, *see Yarris v. Cnty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).

Examining the Complaint, nothing that Mr. Hoffman has pleaded indicates that First Assistant Robinson's alleged actions were not within the scope of his core prosecutorial duties in initiating and pursuing a criminal charge. Mr. Hoffman alleges that First Assistant Robinson brought criminal charges against him "without probable cause or the most basic due diligence in investigating the matter." (ECF No. 1 ¶¶ 9, 13.) Courts have ruled, however, that "[a] prosecutor's alleged failure to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity." *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991); *see also Weimer v. Cnty. of Fayette, Pennsylvania*, 972 F.3d 177, 189 (3d Cir. 2020) ("[A]pproval of the criminal complaint is protected by prosecutorial immunity. We have long maintained that '[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role.'" (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992)). Mr. Hoffman also alleges that First Assistant Robinson "purs[ued] these charges" even though he "should have known that the evidence was insufficient to support the charges." (ECF No. 1 ¶¶ 14-15.) Courts have ruled, however, that "continu[ing] to prosecute [a] case when [it] should have been dismissed . . . [are] acts . . . intimately associated with the judicial process" and protected by "absolute[] immunity from suit." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010); *see also Dent v. Morris*, Civ. No. 22-756, 2022 WL 866849, at *8 n.59 (E.D. Pa. Mar. 23, 2022) ("[The plaintiff's] allegations challenge the conduct of District Attorneys . . . in 'continu[ing] to prosecute' the criminal action against him, putting their challenged conduct squarely within the ambit of absolute immunity.").

There are no factual allegations in the Complaint from which the Court could plausibly infer that First Assistant Robinson ever acted in a manner that was outside the scope of his core role as a county prosecutor. *See, e.g.*, *Brady v. Off. of the Cnty. Prosecutor, Cnty. of Bergen*, Civ. No. 19-16348, 2020 WL 5088634, at *6 (D.N.J. Aug. 28, 2020) ("[T]he amended complaint focuses on the fact that there was exculpatory evidence. But those allegations fall well short of

accusing any particular Defendant of impropriety during the investigation of the case."). Accordingly, the § 1983 claims against First Assistant Robinson in his individual capacity are dismissed without prejudice.

### D. STATE LAW CLAIMS

Given the dismissal of the federal § 1983 claims against the Warren County Prosecutor's Office and First Assistant Robinson (in his official and individual capacities) over which this Court had original jurisdiction and the relatively early stage of this litigation, the Court will decline to exercise supplemental jurisdiction over the other state law claims in the Complaint,[8] and the Court does not reach the alternative arguments as to why these claims are subject to dismissal, including the asserted immunity under the New Jersey Tort Claims Act. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

### E. LEAVE TO AMEND

In the Third Circuit, district courts must allow leave to amend in civil rights cases regardless of whether it is requested before dismissing a case for failure to state a claim, unless leave to amend would be inequitable or futile. *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Because the Court's dismissal of the claims

---

[8] The state law claims include common law claims for malicious prosecution/malicious abuse of legal process; malicious representation causing damage; fraud; intentional and negligent infliction of emotion distress; and negligent hiring, training, and supervision. *See Sims v. City of Trenton*, Civ. No. 21-12987, 2022 WL 3681259, at *3 (D.N.J. Aug. 25, 2022) ("Plaintiff asserts various state law tort claims, including malicious abuse of process, intentional infliction of emotional distress."); *Castro v. New Jersey*, 521 F. Supp. 3d 509, 525 (D.N.J. 2021) ("Plaintiff asserts claims . . . under New Jersey state law for the torts of false arrest, false imprisonment, malicious prosecution, . . . negligence, and intentional infliction of emotional distress."); *Laniado v. Cnty. of Ocean*, Civ. No. 18-1513, 2019 WL 3451705, at *5 n.3 (D.N.J. July 31, 2019) ("Plaintiffs' Amended Complaint . . . alleges a variety of state law claims, including NJRCA, negligence, negligent hiring and training, negligent supervision.").

against the Warren County Prosecutor's Office and First Assistant Robinson, in his official capacity, due to Eleventh Amendment sovereign immunity is not an adjudication on the merits, the claims have been dismissed without prejudice. Nevertheless, amendment of the claims against those Defendants would be futile and no leave as to them is granted. As to the § 1983 claims against First Assistant Robinson in his individual capacity, the Court will allow Plaintiff to amend, if he so chooses, to try to overcome the absolute prosecutorial immunity. For that reason, the Court will provide Mr. Hoffman with thirty days to submit an amended complaint. In the alternative, Mr. Hoffman retains the option to bring his state-law claims in a state-law forum.

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is **GRANTED**. An appropriate Order follows.

Dated: November 30, 2023

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE